# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
01/30/2018
CT Log Number 532710505

TO:     Rebecca Thompson
        UnitedHealth Group Incorporated (111504190770700600)
        9900 Bren Rd E Ste 300W, MN008-T700
        Minnetonka, MN 55343-4402

RE:     **Process Served in California**

FOR:    United HealthCare Services, Inc. (200204190770700600)  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE, PLTFS. vs. UNITED HEALTHCARE SERVICES, INC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, NOTICE, ATTACHMENT(S) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # SC128663 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/30/2018 at 10:06 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | WITHIN 30 DAYS |
| **ATTORNEY(S) / SENDER(S):** | JONATHANA A. STIEGLITZ<br>THE Law OFFICES OF JONATHAN A. STIEGLITZ<br>11845 OLYMPIC BLVD., SUITE 800<br>LOS ANGELES, CA 90064<br>323-979-2063 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/31/2018, Expected Purge Date: 03/02/2018<br><br>Image SOP<br><br>Email Notification,  Administrative Assistant  legalmail@uhc.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

01/9/2018    03:03 PM PST     TO:15627530579  FROM:3234886748      **Page:   17**

| | | |
|---|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)*  1/30/18  10.06 am | | **SUM-100** |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

United Healthcare Services, Inc. and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

California Spine and Neurosurgery Institute

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 09 2018

Sherri R. Carter, Executive Officer/Clerk

By: Stacey Watson, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Santa Monica Courthouse | CASE NUMBER:<br>*(Número del Caso):* **SC128663** |
|---|---|

1725 Main St.
Santa Monica, CA 90401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Stieglitz, 11845 W. Olympic Blvd., Suite 800, Los Angeles, California 90064, (323) 979-2063

| DATE: January 9, 2018<br>*(Fecha)* | Sherri R. Carter, Clerk | Clerk, by<br>*(Secretario)* | **STACEY WATSON** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS**<br>15:15:57 2018-01-09 | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1  Jonathan A. Stieglitz, Esq. (SBN 278028)
2  THE LAW OFFICES OF JONATHAN A. STIEGLITZ
   11845 Olympic Blvd., Suite 800
3  Los Angeles, CA 90064
   Telephone:    (323) 979-2063
4  Facsimile:    (323) 488-6748

5  Attorney for Plaintiff
   California Spine and Neurosurgery Institute

6

7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 09 2018

Sherri R. Carter, Executive Officer/Clerk

By: Stacey Watson, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF LOS ANGELES

10

11  California Spine and Neurosurgery
    Institute

12              Plaintiff,

13      v.

14  United Healthcare Services, Inc. and DOES
    1-10   .

15
                Defendant.
16

17

18

Case No.  **SC128663**

Complaint For:

1.  *QUANTUM MERUIT*;
2.  BREACH OF ORAL CONTRACT; and
3.  PROMISSORY ESTOPPEL

**(Jury Trial Requested)**

**Damages $77,000.00**

19      Plaintiff CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE (hereinafter

20  referred to as "PLAINTIFF", "CPNI" or "Medical Provider") complains and alleges:

21                              **PARTIES**

22      1.      Plaintiff, CPNI, is and at all relevant times was a medical corporation, organized

23  and existing under the laws of the State of California.  CPNI is and at all relevant times was in

24  good standing under the laws of the State of California.

25      2.      DEFENDANT, United Healthcare Services, Inc., is and was licensed to do

26  business in and is and was doing business in the State of California, as insurers. PLAINTIFF is

27  informed and believes that DEFENDANT is licensed by the Department of Managed Health Care

28  and/or the Department of Insurance to transact the business of insurance in the State of California.

                                  - 1 -

1    DEFENDANT is, in fact, transacting the business of insurance in the State of California and is

2    thereby subject to the laws and regulations of the State of California.

3        3.    The true names and capacities, whether individual, corporate, associate, or

4    otherwise, of defendants DOES 1 through 10, inclusive, are unknown to PLAINTIFF, who

5    therefore sues said defendants by such fictitious names. PLAINTIFF is informed and believes and

6    thereon alleges that each of the defendants designated herein as a DOE is legally responsible in

7    some manner for the events and happenings referred to herein and legally caused injury and

8    damages proximately thereby to PLAINTIFF. PLAINTIFF will seek leave of this Court to amend

9    this Complaint to insert their true names and capacities in place and instead of the fictitious

10   names when they become known to it.

11       4.    At all times herein mentioned, unless otherwise indicated, DEFENDANT/s were

12   the agents and/or employees of each of the remaining defendants, and were at all times acting

13   within the purpose and scope of said agency and employment, and each defendant has ratified and

14   approved the acts of his agent. At all times herein mentioned, DEFENDANT/s had actual or

15   ostensible authority to act on each other's behalf in certifying or authorizing the provision of

16   services; processing and administering the claims and appeals; pricing the claims; approving or

17   denying the claims; directing each other as to whether and/or how to pay claims; issuing

18   remittance advices and explanations of benefits statements; making payments to CPNI and its

19   Patients.

20                              **GENERAL ALLEGATIONS**

21       5.    All of the claims asserted in this complaint are based upon the individual and

22   proper rights of Medical Provider in its own individual capacity and are not derivative of the

23   contractual or other rights of the Medical Provider's Patient.

24       6.    This complaint arises out of the failure of DEFENDANT to make proper payments

25   and/or the underpayment to Medical Provider by DEFENDANT and DOES 1 through 10,

26   inclusive, of amounts due and owing now to Medical Provider for emergent surgical care,

27   treatment and procedures provided to Patient, who was an insured, member, policyholder,

28   certificate-holder or was otherwise covered for health, hospitalization and major medical

- 2 -

1  insurance through policies or certificates of insurance issued and underwritten by DEFENDANT

2  and DOES 1 through 10, inclusive.

3      7.    Medical Provider is informed and believes based on DEFENDANT's oral and

4  other representations that the Patient was an insured of DEFENDANT either as a subscriber to

5  coverage or a dependent of a subscriber to coverage under a policy or certificate of insurance

6  issued and underwritten by DEFENDANT and DOES 1 through 10, inclusive, and each of them.

7  Medical Provider is informed and believes that the Patient entered into a valid insurance

8  agreement with DEFENDANT for the specific purpose of ensuring that the Patient would have

9  access to medically necessary treatments, care, procedures and surgeries by medical practitioners

10  like Medical Provider and ensuring that DEFENDANT would pay for the health care expenses

11  incurred by the Patient.

12      8.    Medical Provider is informed and believes that DEFENDANT and DOES 1

13  through 10, inclusive, and each of them, received and continue to receive, valuable premium

14  payments from the Patient and/or other consideration from Patient under the subject policies

15  applicable to Patient.

16      9.    It is standard practice in the health care industry that when a medical provider

17  enters into a written preferred provider contract with a health plan such as DEFENDANT, that a

18  medical provider agrees to accept reimbursement that is discounted from the medical provider's

19  total billed charges in exchange for the benefits of being a preferred or contracted provider.

20      10.   Those benefits include an increased volume of business, because the health plan

21  provides financial and other incentives to its members to receive their medical care and

22  treatments from the contracted provider, such as advertising that the provider is "in network", and

23  allowing the members to pay lower co-payments and deductibles to obtain care and treatment

24  from a contracted provider.

25      11.   Conversely, when a medical provider, such as Medical Provider, does not have a

26  written contract or preferred provider agreement with a health plan, the medical provider receives

27  no referrals from the health plan.

28

- 3 -

12.   The medical provider has no obligation to reduce its charges. The health plan is not entitled to a discount from the medical provider's total bill charge for the services rendered, because it is not providing the medical provider with in network medical provider benefits, such as increased patient volume and direct payment obligations.

13.   The reason why medical providers have chosen to forgo the benefits of a contract with a payor is that, in recent years, many insurers including DEFENDANT's contracted rates for in-network providers have been so meager, one-sided and onerous, that many providers like Medical Provider have determined that they cannot afford to enter into such contracts.  As a result, a growing number of medical providers have become non-contracted or out of network providers.

14.   Plaintiff believes that for non-contracted, out-of-plan, or out-of-network providers, DEFENDANT has unlawfully underpaid these providers for the medically necessary and appropriate services they have rendered to the insured of the DEFENDANT.  Plaintiff believes that in some cases DEFENDANT has used flawed databases and systems to unilaterally determine what amounts it pays to medical providers and has colluded with other insurers to artificially underpay, decrease, limit and minimize the reimbursement rates paid for services rendered by non-contracted providers.

15.   Often, the rates paid to medical providers such as Medical Provider by payors such as DEFENDANT for the exact same procedure, treatment, surgery or service, were paid at different rates during the same year.  At other times, medical providers were paid rates which were below what they would have received had they been a preferred or in-network provider, even though such volume-discounted rates would have been significantly lower than usual, reasonable or customary rates as defined by California law.

16.   Medical Provider is informed and believes and thereon alleges that DEFENDANT's systems for paying out-of-network claims is flawed, that DEFENDANT improperly manipulates the data in its systems to underpay out-of-network Medical Provider claims and that DEFENDANT's systems and methods for calculating such rates violate California law.

- 4 -

1    17.    Medical Provider and its affiliated physicians have a reputation for providing high

2    quality care, surgeries and procedures.  Its charges for services are on par with the charges of

3    other surgeons in the same general area for the same procedures and/or services.  Medical

4    Provider's billed charges are usual, reasonable and customary.

5    18.    The California Department of Managed Health Care has adopted regulations that

6    define the amount that health care service plans such as DEFENDANT is obligated to pay non-

7    contracted providers such as Medical Provider. These regulations provide, in pertinent part:

8          For contracted providers without a written contract and non-contracted providers,

9          . . . [the Plan shall remit to the provider] the payment of the reasonable and

10         customary value for the health care services rendered based upon statistically

11         credible information that is updated at least annually and takes into consideration:

12         (I) the provider's training, qualifications and length of time in practice; (ii) the

13         nature of the services provided; (iii) the fees usually charged by the provider; (iv)

14         prevailing provider rates charged in the general geographic area in which the

15         services were rendered; (v) other aspects of the economics of the medical

16         provider's practice that are relevant; and (vi) and unusual circumstances in the

17         case.

18   28 Cal. Code Regs. Section 1300.71(a)(3)(B).  These definitions are the same criteria used by

19   California Courts to determine the quantum meruit amounts that should be paid for services

20   rendered by non-contracted providers by insurers in California.

21   19.    Based upon these criteria, Medical Provider's charges are usual, reasonable and

22   customary.  Medical Provider charged DEFENDANT the same fees that it charges all other

23   payors.  Medical Provider's fees are comparable to the prevailing provider rates for other

24   surgeons in comparable geographic areas to the one in which the services were provided.

25   20.    At all relevant times, Medical Provider expected to be paid by defendants at the

26   lesser of its billed charges or the then-current usual, customary and reasonable rate, which is

27   defined by California law as follows:

28

- 5 -
Complaint

1    A "usual" charge is the amount that is most consistently charged by an individual

2    physician for a given service. A "customary" charge is the amount that falls

3    within a specified range of usual charges for a given service billed by most

4    physicians with similar training and experience within a given geographical area.

5    A "reasonable" charge is a charge that meets the Usual and Customary criteria,

6    or is otherwise reasonable in light of the complexity of treatment of the particular

7    case. Under a UCR Program, the payment is the lowest of the actual billed

8    charge, the physician's usual charge or the area customary charge for any given

9    covered service.

10                                   **SPECIFIC FACTS**

11    22.    On November 13, 2017, Medical Provider provided emergency medical services to

12    the Patient and policyholder of DEFENDANT at El Camino Hospital, in Mountain View,

13    California.

14    23.    Medical Provider was obligated under California Health and Safety Code §1317 et

15    seq. to provide medical services to the Patient without regard for whether the Patient or the

16    Patient's insurance plan would pay for Medical Provider's services.

17    24.    Following the procedure, Patient provided his insurance information to Medical

18    Provider who then submitted a bill for $77,000.00 to Patient's insurer, DEFENDANT, for

19    payment.

20    25.    DEFENDANT processed Medical Provider's bill and determined that nothing

21    would be paid to Medical Provider.

22    26.    Of the $77,000.00, DEFENDANT indicated that it owed nothing and that the

23    Patient owed nothing because the procedure was not preauthorized.

24    27.    In processing Medical Provider's bill in this manner, DEFENDANT has violated

25    the Knox-Keane Health Care Service Plan Act of 1975, Health & Safety Code, §§ 1340, *et seq.*,

26    ("Knox-Keane Act").

27    28.    As Medical Provider is prohibited by California Law from balancing billing and

28    resolving billing disputes with a patient seen in the emergency room, Plaintiff Medical Provider

- 6 -

Complaint

now seeks to resolve this dispute and obtain payment from DEFENDANT as is required by California Law.

### FIRST CAUSE OF ACTION:

### FOR QUANTUM MERUIT

29.     Plaintiff incorporates all allegations set forth in the above paragraphs as though fully set forth herein.

30.     On November 13, 2017, Medical Provider rendered emergent medical services, surgeries, procedures and other medical care and treatment to Patient, who is and was insured by DEFENDANT.

31.     DEFENDANT has failed and refused to pay Medical Provider anything for the amounts incurred by Medical Provider in rendering treatment, care, surgery and procedures to the Patient, and has failed and refused to pay the usual, reasonable and customary costs of those services.

32.     DEFENDANT is and was required to resolve all payment disputes with Medical Provider and to not attribute liability or involve the Patient in said dispute.

33.     As a result, DEFENDANT owes Medical Provider the total reasonable value of Medical Provider's services.

34.     The quantum meruit or total reasonable value of Medical Provider's services is determined according to the customary charges that would be billed by Medical Provider and/or other surgeons and physicians in the absence of preferred provider or participating provider contractual rates.

35.     DEFENDANT has refused to pay, and continues to refuse to pay Medical Provider for the whole of the sums owed to Medical Provider. Accordingly, there is now due and owing, to Medical Provider an unpaid sum, plus statutory interest thereon.

- 7 -

**SECOND CAUSE OF ACTION:**

**VIOLATION OF CAL. BUS. & PROF. CODE §§17200 ET SEQ.**

36.     Plaintiff incorporates all allegations set forth in the above paragraphs as though fully set forth herein.

37.     DEFENDANT's conduct violates California Business and Professions Code § 17200, *et seq*. The acts and practices of DEFENDANT constitutes a common continuous and continuing course of conduct of unfair competition by means of unlawful and unfair business acts or practices within the meaning of Section 17200.

38.     DEFENDANT's acts and practices are unlawful because they violate California law, including the Knox-Keane Act in that DEFENDANT sought that Medical Provider balance bill the Patient for emergency room services.

38.     ·DEFENDANT's conduct not only violates the unlawful prong of Section 17200, but also constitutes a violation of Section 17200's "unfair" prong. DEFENDANT's conduct is "unfair" in that it offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to Medical Provider and the Patient. DEFENDANT's conduct also undermines or violates the policies embodied in the Knox-Keane Act--one of which is to prevent the placement of patients in the middle of billing disputes between doctors and health care service plans--thus providing a sufficient predicate for Medical Provider's claim for unfair business practices.

39.     DEFENDANT's conduct causes substantial injury to Medical Provider and the Patient because, as a result of such conduct, the Patient is forced to pay the balance of the bills for emergency medical services provided by Medical Provider, but not paid by DEFENDANT, in contravention of California law.

40.     Medical Provider is entitled to full restitution for the emergency medical services provided, an amount which corresponds to Medical Provider's total bill less any amounts paid by DEFENDANT.

41.     Medical Provider seeks an order enjoining Defendants from continuing to engage in unlawful and unfair business practices, and any other act prohibited by law. Medical Provider

- 8 -

1    also seeks an order awarding attorneys' fees and costs pursuant to Code of Civil Procedure

2    Section 1021.5.

3         42.    Medical Provider has suffered injury in the form of actionable losses of money as

4    a direct and proximate result of DEFENDANT's unlawful and unfair business practices.

5         43.    Medical Provider seeks payment for the amount it should have received from

6    DEFENDANT and which it lost due to DEFENDANT's actions and refusal to make proper

7    payment. An amount to be determined at the time of trial.

8    ///

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## **PRAYER FOR RELIEF**

**WHEREFORE,** CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE prays for judgment against defendants as follows:

1.    For compensatory damages in an amount to be determined, plus statutory interest;

2.    For restitution in an amount to be determined, plus statutory interest;

3.    For a declaration that DEFENDANTS are obligated to pay plaintiff all monies owed for services rendered to the Patient; and

4.    For such other relief as the Court deems just and appropriate

Dated: January 9, 2018              LAW OFFICES OF JONATHAN A. STIEGLITZ

                                    By: _____
                                        JONATHAN A. STIEGLITZ
                                        Attorneys for Plaintiff, CALIFORNIA SPINE
                                        AND NEUROSURGERY INSTITUTE


## **DEMAND FOR JURY TRIAL**

Plaintiff, CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE, hereby demands a jury trial as provided by law.

Dated: January 9, 2018              LAW OFFICES OF JONATHAN A. STIEGLITZ

                                    By: _____
                                        JONATHAN A. STIEGLITZ
                                        Attorneys for Plaintiff, CALIFORNIA SPINE
                                        AND NEUROSURGERY INSTITUTE

- 10 -

Complaint



SHERRI R. CARTER
EXECUTIVE OFFICER / CLERK

SANTA MONICA COURTHOUSE
1725 MAIN STREET
SANTA MONICA, CA 90401

*SUPERIOR COURT OF CALIFORNIA*

*COUNTY OF LOS ANGELES*

# Case Management Conference Date

Case:            SC128663

Date:            Tuesday, July 10, 2018

Time:            8:30 am

Department:      P

Judge:           Nancy Newman

CASE NO.   **SC128663**

## *NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT*

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:**

**IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED** that this action shall be assigned to a Judge for all purposes, including trial, as follows:

**Judge Nancy Newman**                Department:   **P**

Santa Monica Courthouse
1725 Main Street
Santa Monica, CA 90401

**IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT** by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

**CASE MANAGEMENT REVIEW AND CONFERENCE:** Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. **The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give separate notice of the Case Management Review and Conference to all named parties** in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. **Proof of service must be brought to the hearing if not previously filed.** Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110(b)) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

–1–

**TIME STANDARDS:**  Case will be subject to processing under the following time standards:

**COMPLAINTS:**  All Complaints shall be served on all named defendants and proof of service filed within 60 days after the filing of the Complaint.  The Court may set an OSC re failure to file proof of service of Summons and Complaint if not timely filed.  (CRC 3.110(b).)

**CROSS-COMPLAINTS:**  No Cross-Complaint may be filed by any party after its answer is filed without first obtaining leave of court.  Cross-Complaints shall be served and proof of service filed within 30 days of the filing date, unless a party has appeared in the action.  (CRC 3.110(c).)

**APPLICABLE RULES:**  Counsel as well as self-represented parties are directed to familiarize themselves with the Local Rules for the County of Los Angeles, particularly Chapter 3 Civil Division Rules, and California Rules of Court relating to civil case management.  These Rules apply to all general civil cases and shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE:**  A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment of the Judge, or if a party has not yet appeared, within 15 days of the first appearance of that party.  (Local Rule 2.5(a).)

**PREPARATION AND PROCEDURES FOR CASE MANAGEMENT REVIEW AND CONFERENCE:**  Pursuant to CRC 3.724, no later than 30 calendar days before the date set for the Case Management Conference, **the parties must meet and confer,** in person or by telephone, to consider each of the issues identified in Rule 3.727 and, in addition, to consider the following:

(1)  Resolving any discovery disputes and setting a discovery schedule;

(2)  Identifying and, if possible, informally resolving any anticipated motions;

(3)  Identifying the facts and issues in the case that are uncontested and may be the subject of stipulation;

(4)  Identifying the facts and issues in the case that are in dispute;

(5)  Determining whether the issues in the case can be narrowed by eliminating any claims or defenses by means of a motion or otherwise;

(6)  Determining whether settlement is possible;

(7)  Discuss type of mediation counsel and parties prefer;

(8)  Identifying the dates on which all parties and their attorneys are available or not available for trial, including the reasons for unavailability; and

(9)  Other relevant matters.

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case. In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)     Whether there are any related cases (see CRC 3.300);

(2)     Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)     Whether any additional parties may be added or the pleadings may be amended;

(4)     Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)     Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)     Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)     Whether an early settlement conference should be scheduled and, if so, on what date;

(8)     Whether discovery has been completed and, if not, the date by which it will be completed;

(9)     What discovery issues are anticipated;

(10)    Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)    Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)    Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)    Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

(14)    If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates;

(15)    The estimated length of trial;

(16)    The nature of the injuries;

(17)    The amount of damages, including any special or punitive damages;

(18)    Any additional relief sought;

(19)    Whether there are any insurance coverage issues that may affect the resolution of the case; and

(20)    Any other matters that should be considered by the Court or addressed in its Case Management Order.

     **SANCTIONS:**  The Court has authority to impose appropriate sanctions for the failure or refusal to comply with provisions of the California Rules of Court and Local Rules governing time standards and case management conference requirements or deadlines.  Such sanctions may be imposed upon counsel, a party, or both, as permitted by rule, statute, or law.

**This is not a complete representation of the applicable Local Rules or California Rules of Court, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction Rules.  Careful reading and compliance with the Local Rules and California Rules of Court are absolutely imperative.**

LISA HART COLE, Supervising Judge
Los Angeles Superior Court, West District

ADMIN/LM

-4-